# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES E. DUNCAN,

:

    Petitioner,

Case No. 3:09-cv-078

:

    -vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,

:

    Respondent.

## SUPPLEMENTAL DECISION ON MOTION TO PRODUCE; CORRECTED ORDER REGARDING REPLY DATE

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 12) to the Magistrate Judge's Decision and Order Denying Petitioner's Motion to Produce (Doc. Nos. 10, 11). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

The Magistrate Judge denied the Motion to Produce, which is essentially a motion to expand the record under Rule 7 of the Rules Governing § 2254 Proceedings, because the document in question – a memorandum from detective estep to Lieutenant Hill – was never introduced in evidence in the state court proceedings, although it was handed to Detective Dewine to refresh his recollection about chronology at the suppression hearing.

Petitioner objects that Detective Dewine is shown as quoting from the memorandum at page 57 of the suppression hearing transcript (Exhibit 26 to Return of Writ, Doc. No. 9). It is correct that at that point in the testimony Detective Dewine is testifying from and apparently paraphrasing the

-1-

memorandum.

Petitioner also objects that the trial judge refers to this quotation in his opinion denying the motion to suppress (Exhibit 4 to Return of Writ, Doc. No. 9). It is true that the trial judge does make a finding based on Detective Dewine's testimony as follows:

> At approximately 2:15 A.M., the detectives informed the defendant that the shooting victim died. Shortly thereafter, the defendant informed the detectives that he wanted to make a statement. The Court finds that the detectives transported the defendant back to the interview room and re-advised him of his rights.

*Id*. This quotation does not show that the trial judge had the memorandum in front of him when making his decision. Nor does the transcript of the suppression hearing show that the memorandum was ever offered into evidence by either side. The judge may have made this finding based on his own notes from the suppression hearing or the transcript, but he does no more than make a finding on the basis of Dewine's testimony, not any document.

Finally, Petitioner objects that the Court of Appeals also referred to the document, referring to ¶¶ 3, 13, and 16 of the opinion. Those paragraphs in their entirety read as follows:

> {¶ 3} Over the next approximately four hours, Duncan remained in the holding cell while the detectives obtained and executed a search warrant for Duncan's home. At approximately 2:15 a.m., the detectives informed Duncan that Pyles had died. Shortly thereafter, Duncan told the detectives that he wanted to make a statement.
>
> {¶ 13} In its findings of facts, the trial court found that "the defendant unequivocally invoked his right to an attorney prior to the [first] interview * * * [and] the detectives immediately ceased questioning and returned the defendant to the holding cell." The trial court further found that prior to the second interview, "which the defendant was responsible for initiating * * * he * * * signed a waiver form after being re-advised of his rights." Finally, the trial court found that after this waiver, "the defendant was not clear that he wanted an attorney present prior to making a statement. He simply began making a statement without counsel."

> {¶ 16} Duncan asserts that the state failed to provide an attorney for him when he unequivocally asserted his right to counsel; that thereafter he was placed into a dark holding cell for four hours, which constituted physical deprivation; that the police first advised him that Bobbi Jo had "made it" and then later informed him that she had died; and that the police initiated the subsequent interview by asking Duncan whether he then wished to make a statement. However, the trial court made findings of fact that Duncan initiated the subsequent interview, not the police. The testimony of Detective DeWine supports this finding. Also, the only evidence that the police first told Duncan that Bobbie Jo had made it was from Duncan himself, and this is contrary to the testimony of Detective DeWine. Apparently the trial court chose to believe Detective DeWine in this respect as well. Furthermore, merely holding a suspect in a holding cell at police headquarters for four hours during the night absent any other factors, does not constitute physical deprivation or mistreatment.

*State v. Duncan,* 2007 WL 2285087 (Ohio App. 2nd Dist. Aug. 3, 2007). Nowhere in those three paragraphs is there any reference to the document in question. Rather, the Court of Appeals refers to Detective Dewine's testimony and the trial judge's findings based on that testimony, not to the memorandum.

As noted in the original Decision and Order, the memorandum could not have been introduced in evidence against Mr. Duncan because to do so would have violated his rights under the Confrontation Clause. There is no support in the record for the notion that the prosecutor attempted to introduce the document in evidence.

Nor does the record support any claim under *Brady v. Maryland*, 373 U.S. 83 (1963), for failure to disclose the document to Mr. Duncan's counsel since plainly it was disclosed to him by being marked as an exhibit at the suppression hearing. Presumably if it contained any inconsistencies with Detective Dewine's testimony, defense counsel would have cross-examined from it, but he did not. As noted in the original Decision and Order, if it contained material

favorable to Mr. Duncan, his lawyer could have moved it into evidence, but he did not.

It is simply improper to add to the record in this case evidence which was not before the state courts when they decided the issue which is before this Court.

Petitioner also objects to the Magistrate Judge's *sua sponte* "extension" of his time to file a reply/traverse to July 31, 2009. He correctly points out that the Court had previously granted him an additional forty days beyond the twenty-one provided in the Order for Answer. Therefore, Petitioner's reply/traverse is due August 25, 2009, **not** July 31, 2009.

July 27, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge