IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES E. DUNCAN,
:
       PETITIONER,
:
   vs.                           Case No. 3:09cv078
:
WARDEN, LEBANON CORRECTIONAL      JUDGE WALTER HERBERT RICE
INSTITUTION,
:
       Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #19) IN THEIR ENTIRETY; PETITIONER'S RENEWED MOTION FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL (DOC. #18) AND MOTION FOR PRODUCTION (DOC. #21) OVERRULED; PETITIONER'S OBJECTIONS (DOC. #22) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND OBJECTIONS TO MAGISTRATE JUDGE'S DECISION AND ORDER DENYING SECOND MOTION TO PRODUCE (DOC. #24) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ON ITS MERITS; CERTIFICATE OF APPEALABILITY GRANTED AS TO GROUNDS ONE AND TWO, AND DENIED AS TO GROUND THREE; ANTICIPATED LEAVE TO APPEAL *IN FORMA PAUPERIS* GRANTED, AS TO GROUNDS ONE AND TWO, AND DENIED AS TO GROUND THREE; TERMINATION ENTRY

---

      Pursuant to the reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendations filed October 7, 2009 (Doc. #19), as well as upon a thorough *de novo* review of this Court's file

and the applicable law, said Report and Recommendations are adopted in their entirety. The Petitioner's Objections to said judicial filing (Doc. #22) are overruled.

Further, based upon reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendations filed October 7, 2009 (Doc. #19, at 1 through 3), the Petitioner's Motion for an Evidentiary Hearing and Appointment of Counsel (Doc. #18) are overruled, and the Petitioner's Objections to said ruling (Doc. #22) are overruled. Finally, based upon reasoning set forth by the United States Magistrate Judge, in his Decision and Order (Doc. #23) denying Petitioner's Motion for Production (Doc. #21), said Decision and Order are affirmed, and Petitioner's Objections (Doc. #24) to the Magistrate Judge's judicial filing are overruled.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. With regard to Petitioner's Renewed Motion for Evidentiary Hearing and Appointment of Counsel (Doc. #18), the Court agrees with the Magistrate Judge that the Petitioner has failed to make the showing required by 28 U.S.C. § 2254(e)(2), in order to be entitled to a hearing. Under that statutory provision, a habeas corpus petitioner, to be entitled to an evidentiary hearing, must show that his claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence," and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but

for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Herein, the Petitioner has failed even to identify the factual predicate that an evidentiary hearing would establish, let alone one that could not have previously been discovered through the exercise of due diligence. Petitioner was interrogated by Detectives Estep and Dewine. Although Detective Estep was not available to testify at the Petitioner's suppression hearing, Detective Dewine did testify. Moreover, a transcript of that interrogation was available to the state court.

2. Findings of historical fact by state courts, i.e., what actually happened between Estep and Petitioner, is a question on which the findings of the state court are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence. Petitioner has failed to rebut this presumption of correctness by such evidence. Moreover, even were the request for the videotape of the interrogation timely, which it most certainly is not, the video would not serve to rebut the presumption of correctness, a presumption that is bolstered by the transcript of that interrogation. Petitioner's request for counsel was not unequivocal. The Petitioner is asking the Court to re-weigh the credibility of the witnesses, a task reserved for the initial trier of fact.

3. The state court's findings of historical fact, when applied to the law, and considered *de novo*, leading to the conclusion that Petitioner reinitiated the communication between himself and the law enforcement officials, is not an

objectively unreasonable application of clearly established Supreme Court precedent, set forth in *Edwards v. Arizona*, 451 U.S. 477 (1981) and its progeny.

4.  The record contained more than sufficient evidence from which a reasonable jury could conclude, beyond a reasonable doubt, that Petitioner committed felonious assault and, accordingly, was guilty of felony murder upon the death of the victim.

5.  While reasonable jurists could disagree with this Court's conclusion as to Grounds One and Two, thus entitling Petitioner to a Certificate of Appealability and Leave to Appeal *In Forma Pauperis* on said grounds, reasonable jurists would not disagree with this Court's conclusion as to Ground Three. Accordingly, Petitioner is granted a Certificate of Appealability on Grounds One and Two, and denied same on Ground Three. He is granted leave to appeal *in forma pauperis* on Grounds One and Two, and denied same on Ground Three.

Accordingly, judgment will be ordered entered in favor of Respondent and against Petitioner herein, dismissing the Petitioner's Petition for Writ of Habeas Corpus, with prejudice, upon its merits, denying Petitioner's Request for an Evidentiary Hearing, Production of Documents and the Appointment of Counsel.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| March 15, 2010 | /s/ Walter Herbert Rice |
|  | WALTER HERBERT RICE |
|  | UNITED STATES DISTRICT JUDGE |

Copies to:

Charles E. Duncan, Pro Se

Hilda Rosenberg, Esq.
Stephanie L. Watson, Esq.